*Law Office of*
*Francisco E. Celedonio, Esq.*
*401 Broadway, 25th Fl.*
*New York, New York 10013*

*(212) 219-7533*                                          *Fax (212) 219-4094*

October 12, 2007

**VIA ECF AND REGULAR MAIL**
Honorable Kenneth M. Karas
United States District Judge
United States District Court
300 Quarropas Street
White Plains, New York 10601

Re: *United States v. Hassan Osman,*
*06 Cr. 1192 (KMK)*

Dear Judge Karas:

This letter is submitted in connection with the sentencing of Mr. Hassan Osman, scheduled for October 26, 2007.

This submission respectfully requests that rather than sentence Mr. Osman, this Court exercise its authority pursuant to 18 U.S.C. § 3607 and place Mr. Osman on limited period of probation in contemplation of the ultimate dismissal of the proceedings against Mr. Osman. Relief under §3607 would minimize any possibility of future proceedings to deport or exclude Mr. Osman from the United States, thereby ensuring the integrity of the family unit.

As discussed below, we submit that in the context of all the § 3553(a) factors as they apply to Mr. Osman – including (i) the political and social conditions of his country of origin, Somalia, and the impact that possible deportation there would have on his life and that of his children; (ii) the history and characteristics of his life in the United States, including his uninterrupted history of employment and fielty to his familial obligations; (iii) the actual offense of conviction specific to Mr. Osman; and (iv) the relief granted under § 3607 to similarly

*Hon. Kenneth Karas, U.S.D.J.*
*United States v. Hassan Osman*
*October 12, 2007*

situated defendants by courts both in this district and beyond – it would be an appropriate exercise of discretion for this Court to grant relief under 18 U.S.C. § 3607. [1]

## I    INTRODUCTION

As the Court is aware, on July 19, 2007 Mr. Hassan Osman pled guilty before Magistrate Judge Ronald L. Ellis, to misdemeanor possession of cathinone (in the form of a root plant known as "khat"), in violation of 21 U.S.C. § 844.  Khat is a plant commonly harvested and used in north African countries (including Somalia, Mr. Osman's country of origin) to such a degree that it is both a cultural and religious staple.  Mr. Osman pled guilty pursuant to a plea agreement which contained the following calculation under the United States Sentencing Guidelines (hereinafter "Guidelines" or "U.S.S.G."): (i) a base offense level of 4; and (ii) a 2-level downward adjustment for acceptance of responsibility, arriving at an adjusted offense level of 2.  In Criminal History Category I, offense level 2 (in Zone A) yields an advisory Guidelines sentencing range of 0-6 months incarceration.

The United States Department of Probation for the Southern District of New York ("Probation") has submitted a Pre-Sentence Investigation report ("PSI") dated September 21, 2007.  The PSI adopts the Guidelines calculation embodied in the plea agreement.  *See* PSI at ¶¶ 50-56. [2]  We note for the Court's information that we have presented an objection to Probation regarding the broad description of the "offense conduct," *see* PSI ¶¶ 6-9, which we submit goes well beyond the offense conduct specific to Mr. Osman.  Although Probation describes these facts as "background," they are unnecessary surplusage, and we respectfully request the Court to strike these paragraphs from the PSI.

---

[1] We refer to at least two defendants, Osman Osman and Bashir Ahmed, who received § 3607 relief from the Honorable Denise L. Cote in the case of *United States v. Muse*, 06- Cr. 600 (DLC).
[2] As of the date of this submission, counsel has not yet received Probation's "second" disclosure, which includes a sentencing recommendation.

*Hon. Kenneth Karas, U.S.D.J.*
*United States v. Hassan Osman*
*October 12, 2007*

## II    HASSAN OSMAN'S PERSONAL AND FAMILY HISTORY

### A.    *Family and Community Ties*

Hassan Osman is a 42-year old native of Somalia and a legal permanent resident in the United States. *See* PSI at ¶ 32. The most salient fact of Mr. Osman's homeland is the persistent and on-going political and economic unrest. Mr. Osman and his family have been directly victimized by the violence and turmoil in Somalia. Thus, for example, in 1992 Mr. Osman's mother fled Somalia at the onset of civil war – she has lost all contact with the family; Mr. Osman's father and two siblings died as victims of the war; three of Mr. Osman's siblings fled Somalia as refugees and live in London, England; two siblings fled to and live in Australia and Saudi Arabia, respectively. *See* PSI at ¶ 32.

Mr. Osman immigrated to the United States with his family on December 13, 1995 and was granted political asylum in 1997. *Id*. at ¶ 35. Mr. Osman was granted status as a legal permanent resident in 1999. Aside from the pending charges, Mr. Osman's life has been devoid of any entanglements with the criminal justice system. *Id*. at ¶ 30. Mr. Osman resides in the State of Minnesota with his wife and five children (ages 4, 10, 11, 14 and 15), where he is gainfully employed. Mr. Osman also provides financial support to a sixth child, who resides in Cairo, Egypt.

The importance of Mr. Osman to his family unit is obvious. Not only is Mr. Osman the principal provider for his wife and five children, but as a father he provides guidance and moral suasion to young children who need his guidance to navigate through adolescence. Thus, in a very compelling sense, the loss of Mr. Osman to this family, through possible deportation, would be devastating.

### B.    *Educational History*

Mr. Hassan Osman completed high school in Somalia in 1982. Thereafter, he enrolled in continuing educational programs for English and mathematics in Somalia. He continued his studies in English and mathematics in Minnesota.

C.      *Employment History*

Since immigrating to the United States, Hassan Osman has had a continuous

history of lawful employment in order to provide for his family.  Since 2006, Mr. Osman has

been employed with First Minnesota Care and Tayo Home Health Care.  *See* PSI at ¶¶ 44- 45.

Both companies provide elderly home care and assistance on a per diem basis.  Mr. Osman's

responsibilities include providing care and delivering food to patients' homes.  Prior to his

arrest, Mr. Osman was employed as a taxi driver for 5 years, also in Minnesota.  Prior to living

in Minnesota, while living in California, Mr. Osman was also employed as a taxi driver (for 3

years) and as a car jockey at Hertz Car rental.  *See* PSI at ¶ 47.


D.      *Substance Abuse History*

Hassan Osman has no substance abuse history.


C.      *Prior Criminal History*

Hassan Osman has no prior criminal history whatsoever.


**IV     APPLICABLE LEGAL PRINCIPLES**

A.      *Background*

We recognize that given the offense of conviction and the relevant applicable

Guidelines, as well as the relief sought in this submission, the application of the Guidelines may

not be the principal issue before the Court.  Indeed, the defense request for relief under 18

U.S.C. § 3607 may be the determinative issue presented to the Court.


We submit that the principles embodied in the Sentencing Reform Act of 1984,

Pub. L. No. 98-473, §§ 211, 98 Stat. 71987, 1989-90 (1984)("SRA"), should also inform this

Court's exercise of its sentencing discretion as to the application of §3607.  The statutory factors

embodied in the SRA – and the supporting facts that make up the history and characteristics of

the defendant before this Court – are all highly relevant to any consideration of the appropriate sentence and resolution of the issues presented in this submission.

Prior to the Supreme Court's decision in *Booker/Fanfan* and the Second Circuit's decision in *United States v. Crosby*, 307 F.3d 103 (2d Cir. 2005), this Court was constrained in its analysis and sentencing discretion under the unyielding directive of § 3553(b)(1), and the dictates of the Guidelines. Thus, although 3553(a) speaks to considering the "history and characteristics" of the defendant, under the Guidelines many of the factors that make up the "history and characteristics" of the defendant were either rejected or precluded, in favor of unyielding application of the guidelines. Thus, the statutory directive under § 3553(a)(1) that a court consider the "history and characteristics of the defendant" takes on new meaning in light of *Booker/Fanfan*. Thus, for example, the Guidelines prohibited consideration of a defendant's age, *see* U.S.S.G. § 5H1.1; his education and vocational skills, *see* § 5H1.2; his mental and emotional condition, *see* § 5H1.3; his physical condition, including drug or alcohol dependence, *see* § 5H1.4; his employment record, *see* § 5H1.5; his family ties and responsibilities, *see* § 5H1.6; his socio-economic status, *see* § 5H1.10; his civic and military contributions, *see* § 5H1.11; and his lack of guidance as a youth and similar circumstances indicating a disadvantaged upbringing, *see* § 5H1.12. In discharging its sentencing responsibility today, this Court is clearly at liberty to consider all of these factors, and more. Consideration of "history and characteristics" is particularly important where, as in the instant case, the Court is being asked to take the extraordinary step of dismissing all charges against a defendant, rather than the filing of a judgment of conviction, and where the specter of deportation or exclusion would lead Mr. Osman back to Somalia and all its attendant problems.

*Sentencing Factors Under 18 U.S.C. § 3553*

Of course, notwithstanding *Booker/Fanfan*, 18 U.S.C. § 3553 provides the statutory authority and framework for sentencing in federal court. *See* Sentencing Reform Act of 1984, Pub. L. No. 98-473, §§ 211, 98 Stat. 71987, 1989-90 (1984). In enacting the Sentencing Reform Act Congress expressly stated that courts "shall impose a sentence

sufficient, but not greater than necessary," to comply with the purposes of criminal sanctions. 18 U.S.C. § 3553(a).  The Sentencing Reform Act explicitly delineates the purposes of criminal sanctions.  Section 3551(a) provides that every defendant "shall be sentenced . . . so as to **achieve the purposes** set forth in subparagraphs (A) through (D) of section 3553(a)(2) to the extent that they are applicable **in light of all the circumstances of the case**." (emphasis added).

*Sufficient But Not Greater Than Necessary*

   As noted earlier, 18 U.S.C. § 3553(a) expressly provides for a sentence "not greater than necessary" to achieve the purposes of sentencing.  *United States v. Johnson*, 964 F.2d 124, 125 (2d Cir. 1992) ("the United States Sentencing Guidelines do not require a judge to leave compassion and common sense at the door to the courtroom") *cited in United States v. Blarek II*, 7 F. Supp 2d at 210.  This statutory mandate takes on new meaning in light of *Booker/Fanfan* for the obvious reason that judges are now permitted to weigh factors previously prohibited in achieving a just sentence.  Perhaps more than any other factor in the statutory scheme of the Sentencing Reform Act, the goal of imposing a sentence "not greater than necessary" is synonymous with doing justice.  Thus, although mercy is seldom included on the list of "traditional" rationales for sentencing, both § 3553(a) and the Second Circuit recognize it as a legitimate consideration for this Court.

   The decisions in *Booker/Fanfan* and *Crosby* provide this Court the freedom to fashion a sentence for Hassan Osman that is reasonable and just.  The facts and history of Hassan Osman provide this Court ample basis to exercise its authority and discretion with insight and compassion, and consistent with the mandate embodied in the Sentencing Reform Act and all the § 3553(a) factors.

   B.  *§ 3553(a)(1): Offender Characteristics*

   As already noted herein, Hassan Osman has been a contributing member of his community since immigrating to the United States in 1995.  More importantly, at the age of 42

(after living in the United States over ten years), this case represents his only significant brush with the criminal justice system.

Hassan Osman has devoted his adult life to providing for his children and his family. The potential impact of deportation on his family would be devastating because of the incalculable burden it would place on six young lives: five children who live with him in Minnesota and one child in Cairo, Egypt.

We respectfully submit that, given the totality of the offender characteristics, the entry of a judgment of conviction would further no sentencing goal and could undermine a family unit and place young lives at risk – not to mention the impact on Mr. Osman should he be deported to Somalia in the middle of a civil war.

### C.      *§ 3553(a)(2): The Purposes of Sentencing*

Subparagraphs (A) through (D) of 18 U.S.C. § 3553(a)(2) instruct courts to consider the necessity of the sentence imposed:  (i) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (ii) to afford adequate deterrence to criminal conduct; (iii) to protect the public from further crimes of the defendant; and (iv) to provide the defendant with needed educational or vocational training, medical care, or other, correctional treatment in the most effective manner.  18 U.S.C. §§ 3553(a)(2)(A)-(D).  *See, generally, United States v. Blareck II*, 7 F.Supp.2d 192 (E.D.N.Y. 1998).

None of these goals would be furthered by entry of a judgment of conviction against Mr. Hassan Osman.  Indeed, a conviction would subvert these goals.

*§ 3553(a)(2)(A): The seriousness of the offense,*
*Respect for the Law, and Just Punishment*

The concepts embodied in § 3553(a)(2)(A) are interrelated and necessarily vary from case to case, depending on the nature of the offense, the underlying facts, and the defendant.  There can be no more difficult task than the assessment of what constitutes a "just"

*Hon. Kenneth Karas, U.S.D.J.*
*United States v. Hassan Osman*
*October 12, 2007*

sentence in any given case.  We submit that in the context of Mr. Osman's offense of conviction – misdemeanor possession – the punishment he has already received (incarceration at the Metropolitan Correction Center for a period of 37 days prior to his release on bail and his pre-trial supervision for approximately fifteen (15) months), addresses the factors under § 3553(a)(2)(A).

*§ 3553(a)(2)(B) and 3553(a)(2)(C): General and Specific Deterrence*

Section 3553(a)(2)(B) instructs this Court to consider "the need for the sentence imposed" to afford "adequate deterrence to criminal conduct."   Deterrence, however, must be seen in light of the mandate of § 3553(a) that a sentence not be "greater than necessary."  The concept of general deterrence, like the concept of a "just sentence," is necessarily not subject to precise definition.  We submit that a consideration of specific deterrence requires an appraisal of: (i) the nature of Hassan Osman's specific criminality; (ii) the paucity of prior criminal history; and (iii) the stage where he is in his life (at age 42, the father of six children).

Clearly, a defendant with a documented history of anti-social behavior, well-versed in crime, requires greater deterrence than the novice who is minimally involved, and for whom the pendency of these criminal proceedings has accomplished the goal of deterrence.  In the case of Hassan Osman, the need for incarceration as a means of instilling specific deterrence is non-existent.

*§ 3553(a)(2)(D): Provision of Educational*
*or Vocational Training*

Section 3553(a)(2)(D) requires this Court to consider the need to provide the defendant educational or vocational training, medical care, or other correctional treatment in the "most effective manner."   Thus, rehabilitation and the improvement of the defendant are express goals of sentencing.  *See Harmelin v. Michigan,* 501 U.S. 957, 999 (1991); and *United States v. Giraldo*, 822 F.2d 205, 210 (2d Cir.), *cert. denied*, 484 U.S. 969 (1987).

Rehabilitation is designed to instill "in the offender proper values and attitudes, by bolstering respect for himself and institutions, and by providing [] the means of leading a productive life." *See* Charles E. Torcia, 1 *Wharton's Criminal Law,* § 18 (15th ed. 1993).

This factor plays no role in the sentencing of Hassan Osman, given the advisory Guidelines range.

*§ 3553(a)(3): The Kinds of Sentences Available*

We submit that this Court's discretion is unbridled as to the application of the Guidelines as well as §3607.

*Applicable Legal Principles*

Title 18 USC § 3607 (a)(2) provides that,

> "If a person found guilty of an offense described in [21 USC § 844] has not previously been the subject of a disposition under this subsection; the court may, with the consent of such person, place him on probation for a term of not more than one year without entering a judgment of conviction. At any time before the expiration of the term of his probation, the court may, without entering a judgment of conviction, dismiss the proceedings against the person and discharge him from probation. At the expiration of the term of probation, the court shall, without entering a judgment of conviction, dismiss the proceedings against the person and discharge him from probation. If the person violates a condition of his probation, the court shall proceed in accordance with the provisions of section 3565."

That Mr. Osman qualifies for relief pursuant to § 3607 is manifest. Clearly, this is Mr. Osman's first entanglement with the criminal justice system; of course, Osman has been in full compliance with all terms of his pre-trial supervision.

*Hon. Kenneth Karas, U.S.D.J.*
*United States v. Hassan Osman*
*October 12, 2007*

The Federal First Offender Act ("FFOA") was enacted to expunge convictions of first time drug offenders guilty of simple possession, thereby, imposing no legal consequences "following expungement as a result of the defendant's former conviction." *See Dillingham v. I.N.S.*, 267 F.3d 996, 1005 (9th Cir. 2001). Moreover, we submit that application of § 3607 would further all the statutory sentencing goals of the SRA and lead to a just result.

Given Mr. Osman's compliance with his pre-trial supervision to date, an extensive period of probation is unnecessary. As previously noted, other than the offense of conviction, Mr. Osman has lived a law-abiding life and has not engaged in any other criminal activity. We respectfully submit that in considering all the applicable factors under §3553(a), including the history and characteristics of this defendant and the possible immigration consequences of entry of a judgment of conviction, application of § 3607 is appropriate.

## V    SENTENCING RECOMMENDATION

Therefore, we respectfully request the Court sentence Mr. Osman pursuant to § 3607 and, upon completion of whatever period of probation the Court deems appropriate, that the Court dismiss the proceedings and discharge him from probation.

*Respectfully Submitted,*

Francisco E. Celedonio, Esq.

cc: AUSA Daniel Stein